Fourth Appellate Department, February, 1899. Reported. 37 App. Div. 632.

Henry H. Lyman, as State Commissioner of Excise of the State of New York, Appellant, *v.* Theodore Venderbosch, Respondent.

Appeal by plaintiff from a judgment of Supreme Court entered upon verdict of a jury. The action was brought to recover the statutory penalty for maintaining booths or stalls in a barroom in violation of paragraph "h" of section 31 of the Liquor Tax Law.

The court charged the jury that unless the alleged obstruction was used for the purpose which was intended to be prohibited by the Liquor Tax Law, it was not a violation of it.

*Royal R. Scott,* attorney for appellant.

Box stalls are absolutely prohibited; plaintiff need not show that defendant is using them. Com. *v.* Moore, 145 Mass. 244, 13 N. E. Rep. 893; Com. *v.* Worcester, 141 Mass. 58; Com. *v.* Kane, 143 Mass. 92; Com. *v.* McDonough, 150 Mass. 504.

The law says that defendant shall not have these boxes or stalls. It is plain and unequivocal and means exactly what the Legislature intended it to mean. It was in the police power of the Legislature to absolutely forbid the existence of boxes or stalls in saloons. Met. Board of Excise *v.* Barrie, 34 N. Y. 657; People ex rel. Einsfeld *v.* Murray, 4 App. Div. 185, affirmed 149 N. Y. 367; Bertholf *v.* O'Reilly, 74 N. Y. 509.

The real intention of the lawgiver, to be deduced from a view of the whole statute will always prevail over the literal sense of terms. People ex rel. Gentilesco *v.* Excise Board, 7 Misc. 415.

The statute should be accorded a literal or a liberal interpretation as may most effectually avert the apprehended mischief. People ex rel. Clausen *v.* Murray, 5 App. Div. 441; People ex rel. Cairns *v.* Murray, 148 N. Y. 171-3.

*Burby & Murdock,* attorneys for respondent.

Whether there was an enclosed box or stall or any obstruction which prevented a full view of the entire room by every person present therein, and whether intoxicating drinks were sold therein, was a question of fact for the jury.

Giving the law the construction claimed for it by the plaintiff, yet if the booths did not prevent a full view of the room, by any person present therein, there was no violation of the law.

The evident intent of the Legislature was to prevent the use of booths or stalls for drinking purposes. A thing within the letter of the statute is not within the statute unless within the intent of the lawmakers. Riggs v. Palmer, et al. 115 N. Y. 509; Potter's Dwarris, 209-210, case cited; People ex rel. Mason et al. v. McClare, 99 N. Y. 89.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.